# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 0804024505 |
| | ) | |
| CHRISTOPHER WEHDE, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 4, 2019
Date Decided: September 13, 2019

## ORDER

Upon consideration of Defendant's Petition for Sentence Modification, the State's Response thereto, statutory and decisional law, and the record in this case,

**IT APPEARS THAT:**

1.      On January 21, 2009, Defendant Christopher Wehde pled guilty to Fourth Degree Rape, Sexual Solicitation of a Child, and Second Degree Conspiracy.[1] On March 13, 2009, the Court sentenced Defendant on the charge of Fourth Degree Rape as a habitual offender under then-extant 11 *Del. C.* § 4214(a) to 15 years at Level V with credit for 1 day.[2] He was sentenced to an additional (consecutive) 4 years of unsuspended Level V time followed by 1 year at Level IV, followed by 2 years at Level III, for Sexual Solicitation of a Child.[3]

---

[1] D.I. 52.

[2] D.I. 85.

[3] *Id.* For his Second Degree Conspiracy charge, Defendant was sentenced to 2 years at Level V suspended for 2 years at Level III. *Id.* (running consecutive with Sexual Solicitation of a Child).

2. When Defendant was sentenced as a habitual offender in 2009 under the then-extant 11 *Del. C.* § 4214(a), the Court imposed the mandatory minimum sentence, which was 15 years at Level V, the maximum sentence for Fourth Degree Rape. Under then-extant § 4214(b), the mandatory minimum sentence for a habitual offender was the maximum sentence for the offense.[4] In comparison, the mandatory minimum sentence under the current version of § 4214(b) for habitual offenders who commit two Title 11 violent felonies is half the maximum sentence for the offense.[5] Thus, under the current § 4214, the minimum sentence a habitual offender can receive for Fourth Degree Rape is 7.5 years. In 2016, the General Assembly amended § 4214, to allow habitual offenders sentenced under the previous version to petition the Court for sentence modification.[6]

3. Pursuant to § 4214(f), an eligible habitual offender may petition the Court to modify their sentence.[7] On February 15, 2018, the Court held that Defendant was eligible to file a petition for sentence modification.[8]

4. On April 2, 2019, pursuant to 11 *Del. C.* § 4214(f), Defendant filed his Petition for Sentence Modification.[9] Defendant seeks to modify his habitual offender sentence (Fourth Degree Rape) from 15 years at Level V to 7.5 years at

---

[4] 11 *Del. C.* § 4214(b) (2001).
[5] 11 *Del. C.* § 4214 (2018).
[6] *Id.* at § 4214(f).
[7] *Id.*
[8] D.I. 214.
[9] D.I. 223. On June 13, 2019, the State filed its Response opposing the Petition. D.I. 227.

2

Level V followed by probation.[10] He further seeks to modify his Sexual Solicitation of a Child sentence from 4 years unsuspended at Level V to time served, and modify his 1 year at Level IV to either: (1) Level III or (2) reduce his Level IV sentence to less than 1 year.

5. Pursuant to § 4214(f), the Court reviews the petition and the habitual offender's "prior criminal history, including arrests and convictions," their conduct while incarcerated, and "available evidence as to the likelihood that the applicant will reoffend if released including a formal, recent risk assessment."[11] After reviewing the petition materials, the Court has the sole discretion to grant or deny the petition.[12]

6. In his Petition, Defendant argues that under the current version of § 4214 he would be sentenced to 7.5 years instead of 15 years because, under the current § 4214, the minimum sentence is half the maximum sentence, not the maximum sentence. He further argues that he is ready to reenter society because he completed numerous programs and held various job while in prison.[13] Defendant also states his goal is to begin the process of reinstating his personal and commercial driver licenses. While waiting for his licenses, Defendant states he will get a job

---

[10] D.I. 223.
[11] 11 *Del. C.* § 4214(f) (2018).
[12] D.I. 214 (citing Del. Super. Ct. Spec. R. 2017-1(d)(9)).
[13] D.I. 223. Defendant worked in the prison infirmary, on the maintenance e-crew, and the in the commissary. *Id.*

loading and unloading commercial vehicles. Finally, Defendant asserts that, if released, he will be able to live in his sister's home.[14]

7.     The Court is not persuaded by Defendant's arguments. Even though Defendant could be sentenced to 7.5 years, that is merely the mandatory minimum sentence and the Court has the sole discretion to determine a sentence beyond the mandatory minimum. Furthermore, the Court finds the aggravating factors far outweigh the mitigating factors.[15] At the time of sentencing, the Court noted the following aggravators: (1) breach of trust, (2) lack of acceptance of responsibility, (3) blaming the victim and co-defendant, (4) lack of remorse, (5) undue depreciation of offense, (6) lack of amenability to lesser sanctions, (7) lying to police and victim's mother, and (8) manipulative conduct.[16]

8.     Defendant's criminal history is also a significant aggravating factor. Prior to being charged and sentenced for Fourth Degree Rape, Sexual Solicitation of a Child, and Second Degree Conspiracy, Defendant was arrested twenty-five times for Title 11 felonies, forty-seven times for Title 11 misdemeanors, and three other misdemeanors.[17] He was convicted or adjudicated delinquent for eleven Title 11

---

[14] *Id.* Defendant also asserts that he could enter a transitional housing program. *Id.*
[15] Defendant alleges the following: (1) completion of numerous programs for educational and personal development; (2) employment while incarcerated; and (3) letters of recommendation from two DOC officers and a social worker at the James T. Vaughn Correctional Center. *See id.* at Ex. C, D, F at 3, G.
[16] D.I. 85.
[17] D.I. 223.

felonies, ten Title 11 misdemeanors, and two other misdemeanors.[18] In addition, Defendant was unable to complete his probationary periods without incurring violations or new charges. Defendant has eighteen violations of probation.[19]

9.      During Defendant's incarceration, the DOC found Defendant guilty of eight disciplinary offenses, including five summary offenses.[20] The three non-summary offenses were: (1) Class II Undesignated Offense;[21] (2) Class I Promote Prison Contraband;[22] and (3) Class I Substance Abuse.[23]

10.      The Class I Substance Abuse offense is Defendant's most recent disciplinary offense. In July 2013, the DOC sanctioned Defendant because a urine drug test detected opiates and total morphine in his system.[24] Defendant appealed his Class I Substance Abuse sanction. On appeal, Defendant alleged that he was not guilty because he had never used drugs.[25] But before his incarceration, and at the time of the offenses, he admitted he was using cocaine and alcohol regularly.[26]

---

[18] D.I. 227, at Ex. 8.
[19] *Id.*
[20] *See id.* at Ex. 9.
[21] *Id.*
[22] *Id.*
[23] *Id.* at Ex. 9, 10.
[24] D.I. 227.
[25] *Id.* at Ex. 10 ("My history will show no drugs ever—no smoking. I don't use and its not my character.").
[26] In his 2018 LSI-R Report, Defendant admits to having a drug problem but not an alcohol problem. *See* D.I. 223, Ex. F, at 2.

11.     According to the LSI-R Report, Defendant has few anti-criminal friends and acquaintances and some criminal friends and acquaintances.[27] He admits he has a cocaine problem but denies an alcohol problem. His attitude towards his sentence is poor.[28] While Defendant is considered a minimum security risk, this consideration is based on his conduct in a controlled environment and does not take into account his years of deceit and lying. Moreover, Defendant continues to fail to take responsibility for his drug and alcohol abuse and the seriousness of his crimes that warranted his sentence and declaration as a habitual offender.

12.     It is clear from the record that Defendant continues to refuse to accept responsibility for his role in the rape of his son, and continues to cast himself as the victim.[29]

13.     Based on a review of the record and all available evidence, Defendant has not provided information that warrants a reduction or modification of his

---

[27] D.I. 223, Ex. F.

[28] *Id.*

[29] *See* D.I. 227, at 3–4. *See also id.* at Ex. 3 (letter to Attorney General Matt Denn) (claiming he received a lengthy sentence because he does not know the right people unlike his co-defendant, who he asserts has a close relationship with the prosecutor; he was told to take the plea; he did not rape anyone; and the victim's sexual relationship was not with the victim's mother.), Ex. 4 (letter to Attorney General Kathleen Jennings) (claiming he was innocent of "upgraded" Fourth Degree Rape; he was forced to take the plea under threat of receiving life imprisonment; he "had no contact with victim;" and victim was merely "having 'fun' with an older woman, not his mom."), Ex. 5 (letter to Attorney General Kathleen Jennings) (claiming held hostage by prosecutors while his co-defendant was let out early "as favor to personal friend"), Ex. 6 (letter to Attorney General Kathleen Jennings) (claiming should not have received Rape charge), Ex. 7 (letter to Honorable Judge William Carpenter) (complaining process taking too long, held hostage by prosecutor, and should not have been charged with Rape).

sentence. As the Court found at sentencing, Defendant has led a life of crime and dishonesty. Defendant does not exhibit remorse for his criminal conduct. Nor does he take responsibility for his criminal acts. Defendant continues to believe he is the victim and he continues to blame the system.[30] Defendant's numerous violations of probation suggest he is likely to reoffend if released.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Petition for Sentence Modification is **DENIED**.

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

Original to Prothonotary

cc: Darryl J. Rago, Esq.
Renee L. Hrivnak, Esq., DAG

---

[30] *See* D.I. 227, Ex. 3–7.

7